UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT DODSON,  )
                               ) 2:05-cv-00919-GEB-GGH
          Plaintiff,  )
                               ) <u>ORDER TO SHOW CAUSE</u>
    v.  ) <u>AND CONTINUING STATUS</u>
                               ) <u>(PRETRIAL SCHEDULING)</u>
THE PEPBOYS MANNY MOE & ) <u>CONFERENCE</u>
JACO OF CALIFORNIA,  )
                               )
         Defendant.  )

         The May 10, 2005, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for August 22, 2005, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.[1] No status report was filed as ordered.

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

Order filed May 10, 2005, at 2 n. 1.

1

1    Plaintiff is Ordered to Show Cause (OSC) no later than 4:00
2 p.m. on September 6, 2005, why sanctions should not be imposed under
3 Rule 16(f) of the Federal Rules of Civil Procedure against counsel
4 and/or Plaintiff for the failure to file a timely status report, as
5 ordered.  The written response shall state whether Plaintiff or his
6 counsel is at fault and whether a hearing is requested on the OSC.[2]
7 If a hearing is requested, it will be held on September 19, 2005, at
8 9:00 a.m., just prior to the status conference, which is rescheduled
9 to that date.  In accordance with the requirements set forth in the
10 May 10 Order, the parties are to file a joint status report no later
11 than September 6, 2005.

12    The Court file reveals that Defendant answered the Complaint
13 on June 22, 2005, yet it also failed to file a status report.  If
14 Plaintiff was served with the Order Setting Status (Pretrial
15 Scheduling) Conference early enough for it to have filed a status
16 report, it also must respond to this OSC.  If Defendant has not been
17 served with a copy of the Order Setting Status (Pretrial Scheduling)
18 Conference, it must obtain a copy of it.

19    IT IS SO ORDERED.
20 DATED:  August 12, 2005

21                              /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
22                              United States District Judge

---

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2